IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
WACO DIVISION

| | | |
|---|---|---|
| ELECTRONIC SCRIPTING <br> PRODUCTS, INC., <br> Plaintiff, | § § § § § § | |
| v. | § § § | CIVIL NO. WA-23-CV-00649-AM/DTG |
| | § § | JURY TRIAL DEMANDED |
| ANDROMEDA ENTERTAINMENT, <br> LIMITED, <br> Defendant. | § § § § | |

## MEMORANDUM OPINION AND ORDER

Before the Court is the Defendant's Motion to Dismiss under Federal Rule of Civil Procedure 12(b)(6). (ECF No. 13.) The Plaintiff filed its opposition on January 25, 2024. (ECF No. 17.) The Defendant filed a reply on February 8, 2024. (ECF No. 19.) Having been fully briefed by the parties, the Court finds a hearing is unnecessary. For the reasons discussed herein, the Defendant's Motion to Dismiss is **DENIED**.

### I. BACKGROUND

This case involves virtual reality headsets, and the software used to operate them. The Plaintiff accuses the Defendant of infringing United States Patent No. 9,229,540 B2 ("the '540 Patent"), which is titled "Deriving Input From Six Degrees Of Freedom Interfaces." (ECF No. 1 at ¶ 7.) The '540 Patent generally covers systems and methods for software to track the position of a user in relation to their surroundings. As noted in the abstract and relevant to this case, the '540 Patent is particularly useful with virtual, augmented, and mixed reality environments. (ECF No. 1-1.) The Plaintiff's Complaint alleges that the Defendant infringes the '540 Patent by making,

using, or selling "through its Andromeda360 platform and associated software and products." (ECF No. 1 at ¶ 10.)

The Defendant contends that it cannot infringe the Plaintiff's patent because it does not make or sell hardware, such as virtual reality headsets. Initially, the Defendant disputes the Plaintiff's identification of the "Andromeda360 platform." (ECF No. 13 at 2.) The Defendant contends that since it only sells or distributes software, it cannot directly or indirectly infringe the '540 Patent. The Defendant contends that the system and method claims of the '540 Patent require hardware—virtual reality headsets—which it does not provide.

## II. LEGAL STANDARD

The Defendant's Motion is based on Rule 12 of the Federal Rules of Civil Procedure, which is not a high burden for the Plaintiff to clear. The Federal Rules of Civil Procedure require a plaintiff to provide "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a). If the claim does not meet that requirement, it can be challenged and dismissed under Rule 12(b)(6) for "failure to state a claim upon which relief can be granted." FED. R. CIV. P. 12(b)(6). When analyzing a motion under Rule 12(b)(6), a court accepts all well-pleaded facts as true, views the facts in the most favorable way for the Plaintiff, and indulges all reasonable inferences in the Plaintiff's favor. *Johnson v. BOKF Nat'l Ass'n*, 15 F.4th 356, 361 (5th Cir. 2021).

Allegations of direct and indirect infringement have specific requirements. Direct infringement requires allegations that a party makes, uses, sells, or offers to sell a product that meets all of the claim elements without the permission of the patent holder. 35 U.S.C. § 271(a); *see also Becton Dickinson & Co. v. C.R. Bard, Inc.*, 922 F.2d 792, 796 (Fed. Cir. 1990). For a system claim, that requires allegations that a party makes, uses, or sells a system with all of the elements of the patented claim. For a method claim, that requires allegations that the Defendant

performs each step of the method claim. *Lucent Techs. v. Gateway*, 580 F.3d 1301, 1317 (Fed. Cir. 2009) (holding that infringing a method claim requires practicing the method, and "as little as one instance of the claimed method being performed" is sufficient). An allegation of indirect infringement by inducement requires an act of direct infringement and allegations that a defendant knowingly induced such direct infringement. 35 U.S.C. § 271(b); *see also DSU Med. Corp. v. JMS Co.*, 471 F.3d 1293, 1306 (Fed. Cir. 2006) ("[I]nducement requires that the alleged infringer knowingly induced infringement and possessed specific intent to encourage another's infringement.").

### III. DIRECT INFRINGEMENT

The Defendant's Motion incorrectly contends that it must make or sell hardware—virtual reality headsets—to directly infringe. (ECF No. 13 at 2.) Direct infringement can also occur, however, if the Defendant has used the claim systems or methods. *See* 35 U.S.C. § 271(b). If the Plaintiff has sufficiently alleged use by the Defendant, the direct infringement claims will survive.

The parties disagree about what constitutes direct infringement. The Defendant's Motion alleges that to directly infringe the '540 Patent, the Defendant must make, use, or sell VR headsets. (ECF No. 13 at 2.) The Defendant contends that while its company publishes VR gaming apps, these apps are created by third-party developers, and the Defendant does not make, sell, or use VR headsets or any other VR technology. (*Id.*) The Plaintiff's response focuses on use and contends that the Defendant uses the accused products. The Plaintiff points to screenshots from the Defendant's website, which are in the Complaint, as evidence of use. (ECF No. 15 at 3.) The Plaintiff's response also points to additional websites, which are not referenced in the Complaint, to support its allegations of use. *Id.* (citing YouTube and VR Awards links).

The Defendant's relies on the *Centillion Data* opinion, but such reliance is misplaced. (*See* ECF No. 13 at 1, 6.) While *Centillion* does confirm that direct infringement requires a party to use every element of a claim, that is exactly what the Plaintiff has alleged here—use of the system by the Defendant. *Centillion Data Sys., LLC v. Quest Commc'n Int'l*, 631 F.3d 1279, 1284 (Fed. Cir. 2011). Equally important for the present motion is that *Centillion* was decided at the summary judgment, not the initial pleading, stage of the case, where the court evaluated the parties' evidence. *Id.* at 1282–83. The Defendant's contention that it does not use the accused system is akin to a defense that is more properly evaluated at the summary judgment stage after discovery. The guidance in the *Bot M8* opinion is more on point, in that the Plaintiff need not provide an element-by-element analysis, but rather needs to put the Defendant on notice of what infringement was being alleged. *Bot M8 LLC v. Sony Corp. of America, et al.*, 4 F.4th 1342, 1352 (Fed. Cir. 2021) (addressing the pleading standard for patent infringement). The Plaintiff has met this burden as discussed below.

The Court finds that the Complaint sufficiently pleads its direct infringement claims, and the Court does not need to consider the additional evidence cited in the Plaintiff's response. The Plaintiff's Complaint describes each element of claim 1, and how it is used by the Defendant. (ECF No. 1 at 2–7.) The Plaintiff's Complaint contains three screenshots that contain internal imagery indicating that they are from "ANDROMEDA ENTERTAINMENT." (*Id.* at 4, 5, 7.) At least one such screenshot depicts a user wearing a virtual reality headset and is followed by the Plaintiff's description of how the Defendant uses the Head Mounted Display ('HMD") to practice the claim elements. (*Id.*) To the extent an inference is necessary, the Court finds it reasonable to infer that the user depicted in the ANDROMEDA ENTERTAINMENT screenshots is a Defendant user. These allegations of use by the Defendant are specifically stated throughout the Complaint.

4

(*Id.* at 4 (alleging "ANDROMEDA uses a unit" in connection with claim 1 element a), 5 (alleging "ANDROMEDA uses stationary objects . . ." and "ANDROMEDA uses electromagnetic radiation . . . .")). The Plaintiff's Complaint makes allegations of use by the Defendant in connection with every element of system claim 1. (*Id.* at 4–7.) The Defendant even acknowledges that the Plaintiff has alleged the Defendant's use. (ECF No. 13 at 8, noting that the allegations in the Complaint "are directed only to [the Defendant's] alleged use"). As noted by the Plaintiff, the method claims are practiced when someone uses the applications as depicted in the allegations regarding claim 1. (ECF No. 17 at 7.) Those allegations of use are sufficient to allege that the Defendant has performed all of the elements of the asserted method claims. The Court therefore **DENIES** the Defendant's Motion regarding the allegations of direct infringement in the Complaint.

### IV. INDIRECT INFRINGEMENT—INDUCED INFRINGEMENT

The Defendant argues that the Plaintiff failed to allege induced infringement because it failed to plead direct infringement. (ECF No. 13 at 9.) In a short paragraph, the Defendant contends that it does not use the system or control what third parties do with the system. (*Id.*) The Defendant provides no citations to authority for these points and generally incorporates its arguments against direct infringement. (*Id.*)

The Plaintiff contends it has sufficiently alleged induced infringement. The Plaintiff contends that it has alleged that inducement of infringement occurs when the Defendant induces others to directly infringe. (ECF No. 15 at 8–10.) That contention is supported by the Complaint, which alleges that the Defendant provided users and third parties with instructions on the use of the accused products, including training and instructions. (ECF No. 1 at ¶¶ 22, 23.) For the indirect infringement claims, these users and third parties are the direct infringers of the '540 Patent.

The Court finds that the Plaintiff's Complaint satisfies the pleading requirements for indirect infringement by inducement. The Complaint alleges indirect infringement by inducement. (*Id.* at ¶ 20.) To allege indirect infringement by inducement, there must be an allegation of direct infringement. *Limelight Networks, Inc. v. Akamai Techs., Inc.*, 572 U.S. 915, 917 (2014). The Plaintiff satisfied that requirement by identifying the users or third parties who use the accused products. (ECF No. 1 at ¶¶ 22, 23.) Rather than address the allegations of users or third parties infringing, the Defendant argues that it cannot induce infringement because it does not directly infringe the '540 patent. (ECF No. 13 at 9; ECF No. 17 at 3–4.) As discussed above, the Court has found that the Plaintiff has adequately pleaded direct infringement against the Defendant. The Court finds that by indulging reasonable inferences in favor of the Plaintiff, the Complaint adequately describes how users and third parties directly infringe in the same way the Defendant directly infringes when they use the accused software with a virtual reality headset. The Court therefore finds that the Plaintiff has sufficiently pleaded its allegations of induced infringement. Accordingly, the Defendant's Motion addressing induced infringement is **DENIED**.

## V. CONCLUSION

For the foregoing reasons, the Defendant's Motion to Dismiss [ECF No. 13] is **DENIED**.

SIGNED and ENTERED on this 27th day of September 2024.

_____
ALIA MOSES
Chief United States District Judge